**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 9, 2024

Thomas A. Uebler, Esquire
Brian V. DeMott, Esquire
Terisa A. Shoremount, Esquire
McCollom D'Emilio Smith Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808

Catherine A. Gaul, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Re: *Anzu Partners LLC et al. v. OmegaX, Inc.*,
C.A. No. 2024-0526-PAF

Dear Counsel:

In this action, Plaintiffs seek to enjoin Defendant OmegaX, Inc. from pursuing litigation against the Plaintiffs in California state court. Plaintiffs allege that OmegaX's California litigation violates a provision in the parties' merger agreement that designates this court as the exclusive forum for all disputes arising out of the merger agreement.

OmegaX, a California corporation with its principal place business in California, does not dispute that its California claims arise out of the merger agreement. Rather, OmegaX argues that the exclusive forum provision is unenforceable against it because of California's prohibition against pre-dispute jury trial waivers. OmegaX contends that two provisions of the merger agreement violate

that strong public policy: (1) an express waiver of a jury trial; and (2) the exclusive forum provision itself, which designates this court, which does not conduct jury trials, as the exclusive forum for the parties' disputes.

On August 2, 2024, the court granted Plaintiffs' motion for a preliminary injunction, and has scheduled an expedited trial for Monday, September 23, 2024. The parties are directed to file a stipulated scheduling order by no later than August 14, 2024.

In your pre-trial briefing, please address the following, with an emphasis on Delaware and federal caselaw when the question is not one solely of California law:

1. Whether California's prohibition on pre-dispute jury trial waivers applies to its residents regardless of where a case is litigated,[1] as a choice of law question,[2] or as a procedural rule when California is the correct forum.[3]

---

[1] *See Handoush v. Lease Fin. Grp., LLC*, 41 Cal. App. 5th 729, 741 (2019) (refusing to enforce an otherwise valid forum selection clause on the grounds that doing so would "substantially diminish the rights of California residents").

[2] *See In re Cnty. of Orange*, 784 F.3d 520, 532 (9th Cir. 2015) (directing "district courts sitting in diversity [to] apply California's rule on pre-dispute jury trial waivers to contracts governed by California law").

[3] *See Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, 8 Cal. App. 5th 1, 14–16 (2017) ("California has an interest in enforcing its policy that only the Legislature can determine the permissible methods for waiving the right to jury trial when parties submit their civil disputes to a court in this state for resolution." "We recognize, as did the trial court, that New York has an interest in protecting the expectations of parties who enter contracts in New York. But when those parties come to a California courtroom, this state has a

2.    Whether any court outside of California has applied California's rules governing jury trial waivers or refused to enforce an otherwise valid forum selection clause on these or similar grounds.

3.    Whether any court other than *Handoush*, *Gerro*,[4] or *EpicentRx*[5] has refused to enforce an otherwise valid forum selection clause on these grounds.

4.    Whether any opinion other than *Handoush* has applied the principles discussed in *Verdugo*[6] and *Hall*[7] to a procedural right[8] and, if so, the basis for so doing.

---

considerable interest in how the proceeding is conducted." "California's policy as to the permissibility of jury waivers, in any event, is not focused solely on the protection of California *residents* (or persons whose claims rest on events occurring entirely in California). Instead, as we have emphasized, it protects the rights of California *litigants*, and is a core aspect of how California has chosen to adjudicate cases within its civil justice system as a whole.").

[4] *Gerro v. Blockfi Lending LLC*, 2022 WL 2128000 (Cal. Ct. App. June 14, 2022), *review granted* (Sept. 14, 2022), *review dismissed* (Jan. 31, 2024).

[5] *EpicentRx, Inc. v. Superior Court*, 95 Cal. App. 5th 890 (2023), *as modified on denial of reh'g* (Oct. 10, 2023).

[6] *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141 (2015), *as modified on denial of reh'g* (June 25, 2015).

[7] *Hall v. Superior Court*, 150 Cal. App. 3d 411 (1983).

[8] *See Handoush*, 41 Cal. App. 5th at 739 (concluding only that "even if this rule is considered procedural, it is intimately bound up with the state's substantive decision making and it serve[s] substantive state policies" before applying *Verdugo* to refuse to enforce the forum selection clause (internal quotation marks omitted) (citing *Orange*, 784 F.3d at 530)); *cf. Orange*, 784 F.3d at 530–31 (ruling that "federal procedural law governs the validity of a pre-dispute jury trial waiver in federal court" and observing that this "fits

5.      Whether any Delaware or federal court has adopted the procedural rules

of another forum for policy reasons and, if so, on what grounds.

6.      Which jurisdiction's substantive and procedural law applies to the

question of enforceability of the forum selection clause?

IT IS SO ORDERED.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor

---

with our general understanding of the jury trial right as a procedural right that guarantees a particular *mode* of enforcing certain substantive rights").